[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-10067

_____

D. C. Docket No. 07-00796-CV-FTM-29-SPC

PAMELA VAN HOOK,

Plaintiff-
Counter-Defendant-
Appellee,

versus

THE RESIDENCES AT COCONUT POINT, LLC,
an Indiana limited liability company,

Defendant-
Counter-Claimant-
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 3, 2010)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

The Residences at Coconut Point, LLC ("Coconut Point") appeal from a

Judgment entitling Pamela Van Hook to terminate her agreement with Coconut

Point for the purchase of a condominium in Florida and to have returned to her the

$110,337.50 she paid in deposits for the condominium. Van Hook claims that she

is entitled to this relief because Coconut Point did not provide her with the

property report required by the Interstate Land Sales Full Disclosure Act

("ILSFDA"). See 15 U.S.C. § 1703. The issue on appeal is whether the district

court erred in granting summary judgment to Van Hook on Coconut Point's

counterclaim that it is exempt from the reporting and disclosure requirements of

ILSFDA. Coconut Point argues that it is exempt from ILSFDA because it was

obligated under its agreement with Van Hook to complete construction of the

condominium within a period of two years, thereby exempting Coconut Point from

ILSFDA's reporting and disclosure requirements. See id. § 1702(a)(2).

Van Hook argues that the two-year completion requirement in the agreement

is illusory. The agreement provides in relevant part:

> (d) Completion Date. Seller anticipates Units will be substantially
> completed by the estimated date of within two (2) years of the date of
> this Agreement, but Buyer understands and agrees that Seller cannot
> guarantee substantial completion by that date. Seller will not be liable
> for any delays and Seller will not have to make, provide or
> compensate Buyer for any accommodations or costs as a result of any

2

delays, and any delays will not permit Buyer to cancel, amend, or diminish any of Buyer's obligations. Notwithstanding the foregoing, however, Seller agrees to substantially complete construction of the Unit in the name specified in this Agreement by a date no later than two (2) years from the date that Buyer signs this Agreement, subject, however, only to delays caused by matters which are legally recognized as defenses to contract actions in the jurisdiction where the Unit is being constructed.

The district court found that the last sentence in this paragraph rendered the two-year completion requirement illusory, thereby not exempting the agreement from ILSFDA.

After the district court ruled and while this case was on appeal, another panel of this Court decided Stein v. Paradigm Mirasol, LLC, 586 F.3d 849 (11th Cir. 2009). Similar to Van Hook, the buyers in Stein sought to terminate their contract for the purchase of a condominium in Florida on the basis that the developer failed to provide them with a property report as required under ILSFDA. 586 F.3d at 852. The developer objected on the basis that the contract obligated it to complete construction within two years and thus entitled the developer to ILSFDA's § 1702(a)(2) exemption. In relevant part Stein concluded that the clause which excused delays for failure to complete the construction in two years because of "acts of God, weather conditions, restrictions imposed by any governmental agency, labor strikes, material shortages or other delays beyond the control of the Seller," did not render the contract illusory. Id. at 858.

3

We find that, under <u>Stein</u>, the last sentence of the Completion Date paragraph in this case does not make the agreement illusory. Nonetheless, Van Hook also argued to the district court that the agreement's provisions regarding limitations on remedies and the contradictions within the Completion Date paragraph also rendered the two-year completion requirement illusory. Having decided the case based on the last sentence of the paragraph, the district court did not address these other contentions. Accordingly, we reverse and remand for reconsideration of these remaining arguments and any other pending matters.

REVERSED AND REMANDED.